SIXTA HERNÁNDEZ CENTENO y OTROS, demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrido.

*Número:* R-84-473       *Resuelto:* 8 de abril de 1985

*Ignacio Santos Sierra,* abogado de los recurrentes; *Roberto Schmidt Monge, Procurador General,* y *Marjorie Rivera Rodríguez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

En *Negrón* v. *Orozco Rivera,* 113 D.P.R. 712 (1983), resolvimos que el Estado Libre Asociado de Puerto Rico responde civilmente por la muerte de un ciudadano acaecida en un cuartel de la Policía, producto la misma del acto intencional criminal de un miembro de la uniformada con quien el occiso había tenido minutos antes una violenta y acalorada discusión, por cuanto la acción del referido agente era previsible y la omisión del oficial a cargo de no tomar las medidas cautelares pertinentes[1] constituyó negligencia suficiente, separada y distinta de la agresión perpetrada, por la cual el Estado debe responder.

■ Hoy resolvemos que la omisión del Superintendente de la Policía de Puerto Rico al no actuar con la debida diligencia con el propósito de que se despojara de su arma de reglamento a un miembro de la fuerza policiaca —que se encontraba bajo tratamiento psiquiátrico y en relación con el cual el psiquiatra de la Policía había específicamente recomendado al Superintendente que tomara dicha acción y respecto al cual el propio Superintendente había dado los pasos iniciales para lograr su retiro por incapacidad del servicio público— constituye base igualmente suficiente para imponerle responsabilidad civil al Estado Libre Asociado de Puerto Rico en relación

---

[1]Consistentes las mismas en no despojar al agente de su arma de reglamento y de no mantenerlos separados.

con los daños y perjuicios sufridos por un tercero inocente que resulta herido como consecuencia de un incidente en que dicho agente hace uso de su arma de reglamento.

## I

En relación con una condición emocional consecuencia de un incidente acaecido mientras prestaba servicio el día 17 de junio de 1979, el policía codemandado Luis Merced Acevedo fue referido al Fondo del Seguro del Estado donde se le brindó tratamiento psiquiátrico hasta el día 6 de diciembre de 1979, fecha en que fue dado de alta en remisión parcial de síntomas; se recomendó, sin embargo, que aun cuando el pronóstico laboral en términos generales era satisfactorio, el mencionado agente debía ser evaluado en el trabajo donde se desenvolvía en específico.

El psiquiatra de la Policía, mediante carta de fecha 6 de febrero de 1980 dirigida al Director Médico del Fondo, recomendó que se le brindara al agente tratamiento adicional ya que, en su opinión, su condición de ansiedad no le permitía ejercer sus funciones apropiadamente. El referido psiquiatra, mediante memorando de fecha 18 de septiembre de 1980, le informó al Superintendente de la Policía que entendía que al policía Merced Acevedo no se le debía permitir el uso de su arma de reglamento. Con fecha de 31 de marzo de 1981 el Superintendente de la Policía le notificó al policía Merced Acevedo que estaba sometiendo su caso a la consideración del Sistema de Retiro por cuanto los médicos de la Policía opinaban que su condición física no le permitía desempeñar normalmente las funciones de su cargo. A pesar de lo anteriormente expresado, el Superintendente de la Policía no tomó acción alguna respecto a la utilización del arma de fuego por parte del referido agente. El 12 de octubre de 1981, en horas de la noche, el policía Merced Acevedo en medio de una discusión, y forcejeo, con su esposa —suscitada la misma como consecuencia del intento de ella de detenerlo luego de que el

agente súbitamente expresara que "iba para la calle a matar a dos o tres"— hace un disparo con su arma de reglamento el cual alcanza a su suegra, la codemandante Sixta Hernández Centeno.

El Tribunal Superior de Puerto Rico, Sala de Caguas, [2] luego de que la parte demandante desfilara su prueba y sometiera su caso, dictó sentencia desestimatoria de la demanda en cuanto al codemandado Estado Libre Asociado de Puerto Rico, producto la misma de una moción al amparo de la Regla 39.2 de las de Procedimiento Civil de 1979 planteada por los abogados del Estado. [3] Inconforme con la referida actuación, la parte demandante acudió ante este Tribunal; le concedimos término al Estado para que mostrara causa por la cual no se debía revocar la sentencia desestimatoria dictada. Ha comparecido. [4] Resolvemos.

## II

Como surge de los hechos antes reseñados, el Superintendente de la Policía de Puerto Rico no sólo tenía pleno conocimiento del estado emocional en que se encontraba el policía Merced Acevedo sino que había sido advertido, y le fue recomendado, por sus propios peritos médicos que la referida condición mental del agente hacía aconsejable que se le despojara de su arma de reglamento. Como es sabido, el Superintendente es el jefe máximo de la referida agencia gubernamental. Tiene el poder para ordenar, en casos como el presente, que un miembro de la fuerza sea despojado de su arma de reglamento. [5] Así no lo hizo. Somos del criterio que

---

[2] Hon. Julio Berríos Jiménez, Juez.

[3] El foro de instancia declaró con lugar la demanda radicada en cuanto al codemandado Luis Merced Acevedo.

[4] La Oficina del Procurador General de Puerto Rico, en representación del E.L.A., en un laudable gesto se ha allanado a lo intimado en la orden de mostrar causa expedida.

[5] Véase Orden General Número 70-16 de fecha 1ro de noviembre de 1970 suscrita por el Superintendente de la Policía de Puerto Rico, orden

la conducta del referido funcionario al no tomar acción alguna al respecto constituyó *la omisión de un acto exigible* que cabe esperar del "ser humano medio", el buen *paterfamilias.* *Cf. Jiménez* v. *Pelegrina Espinet,* 112 D.P.R. 700, 704 (1982).

■ Ello es así por cuanto consideramos que era *enteramente previsible* que el policía Merced Acevedo, dada su condición mental, hiciera —intencional o negligentemente— mal uso de su arma de reglamento. *Cf. Negrón* v. *Orozco Rivera,* supra. Es cierto que no está claro si el acto del policía Merced Acevedo de disparar su arma fue un acto criminal intencional([6]) o el mismo fue producto de negligencia en el manejo de la misma. Dicha interrogante, dado los hechos particulares del presente caso, no tiene mayor relevancia. Entendemos que la omisión del Superintendente al no ordenar que el agente fuera despojado del arma no sólo constituyó negligencia suficiente, separada y distinta del acto llevado a cabo por el agente sino que la referida omisión es de tal magnitud que supera, o tiene preeminencia, sobre cualquier posible grado de responsabilidad criminal presente en el acto realizado por el agente, ([7]) por lo que procede la imposición de responsabilidad al codemandado Estado Libre Asociado de Puerto Rico. *Negrón* v. *Orozco Rivera,* supra.

Por los fundamentos expresados, *se expide el auto y se dicta sentencia revocatoria de la dictada por el Tribunal Superior de Puerto Rico, Sala de Caguas, y se devuelve el caso a dicho foro para procedimientos ulteriores compatibles con lo aquí resuelto.*

---

vigente a la fecha de los hechos aquí en controversia, la cual fue sustituida por la Orden General Núm. 83-1 (Rev. 1) de fecha 15 de febrero de 1983.

([6]) Como es sabido el Estado, de ordinario, no responde por actos criminales intencionales de sus funcionarios, por cuanto los mismos no fomentan ni sirven a sus intereses. *Jiménez* v. *El Pueblo,* 83 D.P.R. 201 (1961).

([7]) Lo cual hace que el presente caso sea distinguible del caso de *Rodríguez* v. *Colón Colón,* 103 D.P.R. 493 (1975).