Negroni Cintrón, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
R & G Mortgage, Corp. solicita que revisemos la resolución emitida por el tribunal de instancia mediante la cual se negó a desestimar en cuanto a esta corporación la demanda de daños y perjuicios presentada por los recurridos Jesús García Prieto, Antonio García Prieto, Ana María Da Cunha y la Sociedad Legal de Gananciales constituida por estos últimos dos contra la peticionaria y otros. Señala como único error el que el tribunal de instancia denegara "la moción de desestimación, al erróneamente considerar la misma como una moción de sentencia sumaria y al no aplicar el caso Housing Investment v. Luna, 112 D.P.R. 173".
Los recurridos se opusieron a la expedición del auto solicitado. Ello no obstante, estudiada la petición emitimos la siguiente orden:
"Examinada la petición presentada, tengan quince (15) días los recurridos para mostrar causa por la cual no debamos revocar la resolución recurrida y emitir sentencia desestimando la causa de acción instada contra R & G Mortgage Corp., toda vez que la demanda no expone hechos suficientes que justifiquen la concesión del remedio que contra ésta solicitan los recurridos."
Los recurridos cumplieron, pero sus argumentos no nos persuaden a alterar el curso decisional intimado.
I
Según la demanda y los documentos obrante en autos, el trasfondo procesal y fáctico pertinente es el *798 siguiente:
R & G Mortgage Corp. instó demanda de cobro de dinero y ejecución de hipoteca contra los acreedores hipotecarios titulares de un apartamento en el que los recurridos residían en calidad de arrendatarios. Obtenida la sentencia y ejecutada la hipoteca, la titularidad del apartamento de referencia fue adjudicada a unos compradores que también fueron demandados y que eventualmente solicitaron y obtuvieron una orden del tribunal de instancia para desalojar a los inquilinos del inmueble. No se alegó que en esas gestiones R & G Mortgage Corp. interviniera.
Sosteniendo que sufrieron daños como consecuencia de ese procedimiento, los recurridos instaron la demanda de daños y perjuicios contra R & G Mortgage, Corp., los nuevos titulares y los anteriores dueños del apartamento que le alquilaron el mismo a los recurridos. En cuanto a R & G Mortgage, Corp. en particular, los recurridos alegaron en la demanda que ésta no le había notificado la ejecución de la hipoteca. Razonaron en el escrito que R & G Mortgage, Corp. había sido negligente al no notificarle de la demanda y no haberlos incluido como parte en cuanto a la ejecución.
Emplazada, R & G Mortgage, Corp. solicitó la desestimación de la demanda alegando que la misma no exponía una reclamación en su contra que justificara la concesión de un remedio. Los recurridos se opusieron y el tribunal se negó a desestimar mediante la resolución recurrida. En esencia, el foro recurrido concluyó que existía controversia real y sustancial sobre ciertos hechos esenciales que le impedía desestimar sumariamente la reclamación instada contra R & G Mortgage, Corp., a saber: "1. si los daños sufridos por los demandantes se hubiesen evitado si R & G hubiera notificado a los demandantes de los procedimientos de ejecución o de incluirlos como parte en los mismos; 2. la falta de notificación de R &G."
Al así resolver, incurrió en error.
II
-A-
La Regla 10.2 de Procedimiento Civil, supra, permite que un demandado solicite del tribunal que se desestime la demanda en su contra cuando ésta no expone "una reclamación que justifique la concesión de un remedio". A los fines de disponer de esa moción, el tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. Para prevalecer, el promovente de la moción tiene que demostrar que, aún así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessels of Puerto Rico v. Empire Gas, Op. del 23 de noviembre de 1994, 94 J.T.S. 144; Ramos Lozada v. Orientalist Rattan Furniture, Res. en 15 de junio de 1992, 92 J.T.S. 74; Unisys v. Ramallo, Res. en 28 de junio de 1991, 91 J.T.S. 69, Arroyo v. E.L.A., 127 D.P.R. 724 (1991); Granados Navedo v. Rodríguez, 124 D.P.R. 1; Ramos v. Marrero, 116 D.P.R. 369 (1985); First Federal Savings v. Asoc. de Condómines, 114 D.P.R. 426, 431-432 (1983).
Si de la demanda se desprende con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación, debe desestimarse la demanda. Pressure Vessels of Puerto Rico v. Empire Gas, supra; Unisys v. Ramallo, supra; Romero Arroyo v. E.L.A., supra; Gonzaáez Camacho v. Santos Cruz, 124 D.P.R. 396 (1989); Granados Navedo v. Rodríguez, supra; Candal v. C.T. Radiology Office Inc., 112 D.P.R. 227, 230-231 (1982); Reyes v. Suc. Sánchez, 98 D.P.R. 305, 309-310 (1970); Colón v. San Patricio Corp., 81 D.P.R. 242, 266-267 (1959).
Si la moción de desestimación de la demanda se promueve al amparo del procedimiento sumario prescrito por la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36. la demanda puede también desestimarse si el promovente demuestra que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la evidencia presentada con la moción. Debe desestimarse la demanda si la parte demandada demuestra incontrovertiblemente que el demandante no puede prevalecer bajo ningún supuesto de responsabilidad del demandado promovente. Consejo de Tit. C. Parkside v. MGIC Fin. Corp., 128 D.P.R. 538 (1991); Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1991).
*799 En el caso que nos ocupa, R & G Mortgage Corp. cumplió con la obligación que le impone la normativa citada y el tribunal de instancia tenía que acceder a su pedido de desestimación, considerados los hechos expuestos en la demanda presentada por los recurridos y el derecho sustantivo aplicable. Veamos.
-B-
A1 amparo del Artículo 1802 del Código Civil, 31 L.P.R.A See. 5141, todo daño o perjuicio, moral o material, da lugar a la correspondiente reparación si concurren tres elementos o factores: 1) Que se establezca la realidad de un daño sufrido; 2) que exista un nexo causal entre el daño y la acción u omisión de otra persona y 3) que ese acto u omisión sea culposo o negligente. Santini Rivera et al. v. Serv. Air, Inc. et al, Op. del 9 de diciembre de 1994, 94 J.T.S. 121; Coito v. C.M. Ins. Co., 116 D.P.R. 644 (1985); Hernández v. Fournier, 80 D.P.R. 93, 96-97 (1957).
Ahora bien, la doctrina reconoce que una omisión genera responsabilidad civil si constituye conducta ilícita imputable; es decir, si la omisión del alegado causante de un daño quebrantó un deber impuesto o reconocido por ley, un deber que éste debe ejercer como lo haría un hombre prudente y razonable, con aquel grado de cuidado, diligencia, vigilancia y precaución que las circunstancias exigen. Arroyo López v. E.L.A., 126 D.P.R. 682 (1990). Ello así, para determinar si se incurrió o no en responsabilidad civil resultante de una omisión, los factores a considerar serán la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño, cuyo incumplimiento constituye antijuricidad, y si de haberse realizado el acto omitido se habría evitado el daño. En resumen, la determinación de si una omisión genera responsabilidad requiere que se demuestre 1) la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño, el incumplimiento del cual constituye la antijuricidad y 2) si de haberse realizado el acto omitido se hubiera evitado el daño. Soc. Gananciales v. González Padín Co. Inc., 117 D.P.R. 94 (1986).
De conformidad con esta normativa, formulado un reclamo basado en responsabilidad por omisión es necesario examinar si existía un deber jurídico de actuar de parte del alegado causante del daño. Monllor v. Sociedad Legal de Gananciales, Op. del 13 de junio de 1995, 95 J.T.S. 77.
III
En la demanda presentada los recurridos exponen que fueron ilegal, intencional y negligentemente lanzados del apartamento que ocupaban mediante contrato de arrendamiento.
Basan su reclamación contra R & G Mortgage Corp. en la supuesta obligación o deber de ésta de notificarles "la pendencia de la acción de ejecución de hipoteca"-, de "incluirlos como parte en dicha acción de manera que éstos pudieran intervenir con tiempo en la misma y/o desocupar el apartamento antes de que se realizara el lanzamiento" y notificarles del desalojo interesado.
Examinado el asunto, debemos concluir que la acción en ejecución de hipoteca no requiere que se incluyan como partes indispensables a los poseedores del inmueble gravado por la hipoteca cuya ejecución se interesa, cuando éstos son personas distintas al deudor hipotecario, aunque sea deseable dicho proceder.
La Regla 16.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, dispone lo siguiente:

"Las personas que tuviesen un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada."

Esta regla persigue, por un lado, impedir que las personas no sean privadas de la libertad y propiedad sin un debido proceso de ley, Art. II, Sec. 7, Constitución del Estado Libre Asociado de Puerto Rico; Carrero Suárez v. Sánchez López, 103 D.P.R. 77 (1974), y, por otro, que se incluya a una parte indispensable para que el decreto judicial emitido sea uno completo. Tiene como propósitos proteger a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución del caso sin la presencia de ellos y evitar la multiplicidad de pleitos mediante un remedio efectivo y completo. *800 Hernández Agosto v. López Nieves, 114 D.P.R. 601, 604-605 (1983); Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, 412-413 (1982); Pérez Ríos v. Hull Dobbs, 107 D.P.R. 834, 841 (1978).
Con esos solos objetivos en mente, una parte indispensable es "aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio". Cepeda Torres v. García Ortiz, Op. del 12 de febrero de 1993, 93 J.T.S. 20; Fuentes v. Tribl. de Distrito, 73 D.P.R. 959, 981 (1952).
Examinada la situación procesal que el recurso nos describe a la luz de lo expuesto, resulta obvio que los recurridos no eran partes indispensables cuya presencia se requería obligatoriamente para litigar si procedía la ejecución de la hipoteca que gravaba el apartamento que éstos ocupaban. La ausencia de éstos como parte no impide la dilucidación de la responsabilidad de los deudores hipotecarios o que se pueda preparar un decreto judicial sin afectarlos. Hernández Agosto v. López Nieves, 114 D.P.R. 601 (1983). Tampoco perjudica inevitablemente sus intereses o derechos como inquilinos ante el arrendador.
Además, el que la ejecución de hipoteca, por la vía ordinaria o mediante el procedimiento ejecutivo sumario se rija por la Regla 51.3 de Procedimiento Civil, 32 L.P.R.A Ap. III, que específicamente salva los derechos que sobre el inmueble ejecutado puedan tener terceros que no hayan intervenido en el procedimiento, Housing Investment Corp. v. Luna, 112 D.P.R. 173 (1982), no implica necesariamente que el acreedor hipotecario ejecutante tenga que incluir como parte en el pleito de ejecución de hipoteca a los inquilinos del inmueble afectado por la hipoteca o notificarles de los procedimientos, cuando éstos son poseedores del inmueble, pero personas distintas a los deudores hipotecarios.
Por otro lado, ejecutada la hipoteca y obtenida la buena pro sobre la propiedad ejecutada por un tercero, el estado de derecho actual no le requiere al acreedor hipotecario que inició la acción y que no se adjudicó la buena pro en la subasta, la obligación o deber jurídico de notificarle a un ocupante del inmueble distinto al deudor hipotecario, ese trámite, aunque, como indicamos antes, la notificación de la demanda de ejecución de hipoteca es una medida recomendable y prudente.
El artículo 230 de la Ley Hipotecaria de 1979, 30 L.P.R.A. See. 2730, dispone lo siguiente:

"Escritura de traspaso; otorgamiento por el alguacil; posesión al nuevo dueño

Vendida o adjudicada la finca o derecho hipotecado y consignado en su caso el precio correspondiente, y confirmada la venta o adjudicación, procederá el alguacil que hubiere celebrado la subasta a otorgar la correspondiente escritura pública de traspaso en representación del dueño o titular de los bienes hipotecados, ante el notario que elija el adjudicatario o comprador, abonando éstos el importe de tal escritura, y pondrá en posesión judicial al nuevo dueño si así se lo solicitare dentro del término de sesenta (60) días a partir de la confirmación de la venta o adjudicación. Si hubieren transcurrido los referidos sesenta (60) días, el tribunal podrá ordenar, sin necesidad de ulterior procedimiento, se lleve a efecto el desalojo o lanzamiento del ocupante u ocupantes de la finca o de todos los que por orden o tolerancia del deudor la ocupen."

Como puede apreciarse de su texto, este artículo no le impone la obligación o deber jurídico al acreedor hipotecario que ejecuta su crédito de notificar los trámites posteriores a la subasta del bien cuya hipoteca se ejecuta, una vez la buena pro ha sido adjudicada a un tercero.
Finalmente, como de los hechos expuestos en la demanda se aprecia sin dificultad alguna que la causa próxima de los daños por los que reclaman los recurridos dimanan del acto de su desalojo o lanzamiento del apartamento y no del hecho de que R & G Mortgage Corp. haya presentado una demanda de ejecución de hipoteca que gravaba ese inmueble, el que R & G Mortgage Corp. haya dejado de incluir a los recurridos como parte en la demanda por ser poseedores del inmueble distinto a los acreedores hipotecarios, no es actuación u omisión suficiente para generar responsabilidad. Para que la acción culposa o negligente genere la obligación de compensar a un reclamante es imperativo un nexo causal entre el daño y el acto culposo o negligente. Hernández v. E.L.A., 116 D.P.R. 293 (1985); Negrón v. Orozco Rivera, 113 D.P.R. 712 (1983); Rodríguez v. Colón Colón, 103 D.P.R. 493, *801 499-501 (1975).
Ello así, no es necesario considerar el argumento de los recurridos en tomo a que los daños sufridos por ellos, como poseedores, eran previsibles, como alegan en su escrito mostrando causa. Monllor v. Sociedad Legal de Gananciales, supra; Soc. Gananciales v. González Padín Co. Inc., supra.
IV
Atendido el derecho aplicable antes expuesto y las circunstancias particulares que presenta la causa que nos ocupa, el tribunal de instancia debió desestimar sumariamente la reclamación instada por los recurridos contra R & G Mortgage Corp. Al así concluir, hemos interpretado la demanda lo más liberalmente posible a favor de la parte demandante a los efectos de determinar que los recurridos no tienen derecho a ningún remedio contra R & G.Mortgage Corp. bajo cualesquiera hechos que se puedan probar en juicio a base de lo que han alegado en la demanda. Metropolitana de Préstamos v. López de Victoria, Resuelto el 1 de noviembre de 1996, 96 J.T.S. 138; Condal v. CT Radiology Office, Inc., 112 D.P.R. 227 (1982); Moa v. E.L.A., 100 D.P.R. 573, 586 (1972); Martín Santos v. CRUV, 89 D.P.R. 175 (1963).
Por los fundamentos antes expuestos, se dicta sentencia revocando la resolución recurrida y desestimando la reclamación instada contra R & G Mortgage Corp.
Una vez el dictamen advenga final y firme, la Secretaria General de este Tribunal remitirá el mandato al tribunal de instancia.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General