# 2001 DTA 117

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL V DE PONCE Y AIBONITO

JORGE ARIEL TORRES CINTRON
Demandante-Recurrido

v.

AXESA PUERTO RICO, VNU WORLD DIRECTORIES, INC. (PUERTO RICO BRANCH), JORGE LUIS BLANCO (PRESIDENTE AXESA Y/O VNU WD), ESTUDIOS TECNICOS, INC., AMERICAN INTERNATIONAL INSURANCE CO., JOHN DOE, JUANA ROE
Demandados

v.

JOSE LUIS BLANCO (DEMANDADO COMO JORGE LUIS BLANCO)
Codemandado-Peticionario

Núm. KLCE-00-01494

San Juan, Puerto Rico, a 8 de febrero de 2001

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Ortiz Carrión y la Juez Pabón Charneco

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

El peticionario, José Luis Blanco, solicita la revisión de una resolución emitida el 1 de noviembre de 2000 por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el procedimiento sobre daños y perjuicios instado contra el peticionario, Axesa Puerto Rico ("*Axesa*"), VNU World Directories ("*VNU*") y las otras partes de epígrafe por el recurrido, Jorge Torres Cintrón. Mediante el dictamen en cuestión, el Tribunal denegó una moción de sentencia sumaria presentada por el peticionario.

El peticionario solicitó reconsideración de este dictamen, la que fue denegada por el Tribunal de Primera Instancia, el 27 de noviembre de 2000.

Denegamos.

### II

Según surge del recurso, Axesa es una sociedad debidamente inscrita en el registro mercantil de Puerto Rico y asociada a la corporación VNU. Dichas entidades se dedican, entre otras cosas, a la publicación de una guía comercial llamada "*The Business Register*". Para la fecha relevante a la presente controversia, el peticionario José Blanco se desempeñaba como director, administrador y vicepresidente de Axesa, así como presidente y gerente general de VNU en Puerto Rico.

La presente controversia tiene su origen en la publicación de ciertas fotografías y un texto de la autoría del recurrido, relacionados al Municipio de Juana Díaz, en la edición del año 2000 de "*The Business Register*". Según el recurrido, dicha publicación se llevó a cabo sin su permiso, editándose y alterándose el contenido, en violación de su derecho de autor.

El recurrido instó la presente acción por daños y perjuicios contra, *inter alia*, Axesa, VNU y el peticionario, imputándoles responsabilidad por la infracción a su derecho moral de autor y solicitando compensación por los daños así ocasionados. La demanda fue enmendada en varias ocasiones para incluir demandados adicionales.

Los demandados contestaron la demanda, negando las alegaciones. Presentaron, además, una demanda contra tercero contra el Municipio de Juana Díaz y su alcalde, a quienes imputaron haberles suplido las fotos y el texto del recurrido, sin advertir a Axesa que su autor no había sido consultado.

Oportunamente, el peticionario presentó una moción de sentencia sumaria. En la misma alegaba que él no había participado, ni estado envuelto en la publicación de las fotos y el texto del recurrido. El peticionario explicó que dicha publicación había estado a cargo de tres de los siete departamentos de Axesa (los departamentos de Ventas, Operación y Arte Gráfico), cada uno de los cuales contaba con su propio gerente. El peticionario alegaba que como Director, Administrador y Vicepresidente de Axesa, él no tenía la responsabilidad de supervisar directamente las funciones de día a día de ninguno de los departamentos en cuestión, por lo que no venía obligado a responder al recurrido.

La moción del peticionario estaba apoyada por una declaración jurada prestada por éste sobre los extremos

mencionados.

El recurrido se opuso a la moción del peticionario. Alegó que el peticionario respondía vicariamente por la negligencia de los gerentes y empleados a los que él venía obligado a supervisar. Adujo, además, que el peticionario respondía por su propia negligencia y que *"[l]a falta del Director [de] ejercer una supervisión más estricta y adecuada fue la causa adecuada del daño al demandante."*

El recurrido insistió que existía controversia sobre el alcance de las responsabilidades y deberes del peticionario. En apoyo a dicha contención, acompañó una copia de una página de la revista en la que aparecía una carta del editor (*"letter from the publisher"*) suscrita por el peticionario.

El 1 de noviembre de 2000, mediante la resolución recurrida, el Tribunal denegó la moción de sentencia sumaria del peticionario. El Tribunal concluyó que existía controversia de hecho entre las partes, expresando que:

*"Uno de los hechos esenciales que deben dirimirse en la Vista en su Fondo es qué conocimiento, y participación, si alguna, tuvo el codemandado en el proceso de disposición, edición, publicación y distribución de las fotografías y el texto objeto de la demanda."*

El peticionario solicitó reconsideración de este dictamen, insistiendo que no existía controversia alguna sobre su falta de participación en la publicación del artículo.

El 27 de noviembre de 2000, el Tribunal de Primera Instancia denegó esta solicitud. Explicó:

*"Este Tribunal entiende que de la naturaleza del caso y del contexto en que se dan los hechos alegados, de los cuales se tendrá que dirimir, entre otras cosas, cuestiones de credibilidad, no debe disponer del presente caso vía Sentencia Sumaria."*

Insatisfecho, el peticionario acudió ante este Tribunal.

## III

En su recurso, el peticionario alega que erró el Tribunal al denegar su moción de sentencia sumaria, a pesar de que no existía controversia sobre los hechos.

La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, permite a una parte presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. *Partido Acción Civil v. Estado Libre Asociado de Puerto Rico*, 150 D.P.R. __ (2000), **2000 J.T.S. 33**, a la pág. 681; *Piñero González v. Autoridad de Acueductos y Alcantarillados*, 146 D. P.R. (1998), **98 J.T.S. 140**, a la pág. 216; *Mattei Nazario v. Vélez & Asoc.*, 145 D.P.R. __ (1998), **98 J.T.S. 55**, a la pág. 924.

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, por su parte, autoriza al tribunal a dictar sentencia sumaria cuando *"no existe controversia real sustancial en cuanto a ningún hecho material y ... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente."* Véase, en general, *Partido Acción Civil v. Estado Libre Asociado de Puerto Rico*, **2000 J.T.S. 33,** a la pág. 681; *Soto Vázquez v. Rivera Alvarado,* 144 D.P.R. __ (1997), **97 J.T.S. 145**, a la pág. 368; *Tello v. Eastern Air Lines*, 119 D.P.R. 83, 86 (1987); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714, 720 (1986).

El propósito principal de este mecanismo es propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, por lo que no se justifica la celebración de un juicio en su fondo. Utilizado correctamente, este vehículo procesal contribuye a descongestionar los calendarios

judiciales. *Partido Acción Civil v. Estado Libre Asociado de Puerto Rico,* **2000 J.T.S. 33,** a las págs. 681-83; *López Stubbe v. Gus Lallande,* 144 D.P.R. __ (1998), **98 J.T.S. 9,** a la pág. 523; *Neca Mortg. Corp. v. A&W Dev. S.E.,* 137 D.P.R. 860, 869 (1995).

El Tribunal Supremo de Puerto Rico ha aclarado, sin embargo, que la sentencia sumaria sólo procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaria. *Rivera Rodríguez v. Departamento de Hacienda,* 149 D.P.R. __ (1999), **99 J.T.S. 144,** a la pág. 53; *J.A.D.M. v. Centro Com. Plaza Carolina,* 132 D.P.R. 785, 802 (1993).

Si existen dudas sobre la procedencia de la sentencia sumaria, el Tribunal debe brindar a las partes la oportunidad de una vista evidenciaria, véanse, *Hernández Villanueva v. Hernández,* 150 D.P.R. __ (2000), **2000 J.T.S. 26,** a la pág. 608; *Rivera Rodríguez v. Departamento de Hacienda,* **99 J.T.S. 144,** a la pág. 53; *Bonilla Medina v. P.N.P.,* 140 D.P.R. 294, 304 (1996); *Rivera v. Superior Pkg., Inc.,* 132 D.P.R. 115, 133 (1992).

El Tribunal también ha advertido que el uso de este mecanismo no es apropiado en casos complejos de interés público o en que están envueltos elementos subjetivos o de intención. *Soto v. Hotel Caribe Hilton,* 137 D.P.R. 294, 301 (1994); véanse, además, *Rivera Rodríguez v. Departamento de Hacienda,* **99 J.T.S. 144,** a la pág. 53; *Piñero González v. Autoridad de Acueductos y Alcantarillados,* 146 D.P.R. (1998), **98 J.T.S. 140,** a la pág. 216; *Rodríguez Meléndez v. Sup. Amigo, Inc.,* 126 D.P.R. 117, 135 (1990).

La determinación de disponer de un pleito mediante este mecanismo es una que está confiada a la discreción del foro de primera instancia. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. 881, 914 (1994).

La parte que solicita la sentencia sumaria tiene que demostrar que no hay controversia real sustancial en cuanto a ningún hecho material y que procede se dicte sentencia a su favor como cuestión de ley. La parte opositora se ve entonces en posición de poner en controversia los hechos presentados por el promovente. *Soto Vázquez v. Rivera Alvarado,* 144 D.P.R. __ (1997), **97 J.T.S. 145,** a las págs. 368-369; *Pilot Life Ins. Co. v. Crespo Martínez,* 136 D.P.R. 624, 632 (1994).

Una vez la moción de sentencia sumaria ha sido presentada y se sostenga en la forma provista por la Regla 36 de las de Procedimiento Civil, la parte contraria no puede descansar solamente en las aseveraciones o negaciones contenidas en su demanda, sino que viene obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo los hechos pertinentes a la controversia que demuestren que existe una controversia real que debe ser dilucidada en un juicio. De no hacerlo, debe dictarse sentencia sumaria en su contra, si procediere en derecho. Véase, la Regla 36.6 de las de Procedimiento Civil; *Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos,* 144 D.P.R. __ (1997), **97 J.T.S. 147,** a la pág. 400; *Pilot Life Ins. Co. v. Crespo Martínez,* 136 D.P.R. __, a la pág. 633.

Sin embargo, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. __, a la pág. 913.

Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción de oposición y aquéllos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no debe dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción, una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. __, a la pág. 913.

En la situación de autos, no juzgamos que la determinación del Tribunal de Primera Instancia de denegar la moción de sentencia sumaria del peticionario hubiera constituido un abuso de discreción.

El peticionario plantea que no existe controversia real sustancial en torno a que él no tuvo participación directa en la publicación del artículo que ocasionó los daños reclamados por el recurrido. Lo cierto es, sin embargo, que por su posición dentro de la compañía, cabe plantear, según lo ha hecho el recurrido, que el peticionario tenía el deber de tomar las medidas de supervisión necesarias para evitar que este tipo de incidente se produjera, en menoscabo de terceros.

Este tipo de responsabilidad ha sido reconocida por el Tribunal Supremo de Puerto Rico, por ejemplo, con relación a los superintendentes de la Policía. Véase, e.g., *Leyva et al. v. Aristud et al.,* 132 D.P.R. 489, 501-503 (1993); *Hernández v. E.L.A.,* 116 D.P.R. 293, 296 (1985).

Bajo dicha perspectiva, la omisión del peticionario de supervisar diligentemente a sus subordinados, con respecto a situaciones que podían ser razonablemente previsibles, podría dar base a que se le fijara responsabilidad por su negligencia.

El peticionario plantea que no existe controversia sobre cuáles eran sus funciones y sobre el hecho de que él no tenía responsabilidad de supervisar directamente a los departamentos que fueron responsables por la publicación. Los detalles sobre las funciones y responsabilidades específicas del peticionario constituyen información que está más bien bajo el control de la parte demandada. Opinamos que la parte recurrida debe gozar de una oportunidad adecuada de conducir descubrimiento de prueba sobre este particular, previo a requerir que el Tribunal de Primera Instancia adjudique sumariamente la reclamación contra el peticionario. Comparese, *Pérez Rosado v. El Vocero de Puerto Rico,* 149 D.P.R. __ (1999), **99 J.T.S. 160,** a la pág. 268; *Medina v. M.S. & D. Química P.R., Inc.,* 135 D.P.R. 716, 732 (1994).

No percibimos que el foro recurrido hubiera abusado de su discreción al denegar la moción del peticionario, en esta etapa.

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la señora Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General