Puerto Rico Telephone Company, peticionaria, *v.* Tribunal Superior, Sala de San Juan, Hon. Osvaldo de la Luz Vélez, Juez, demandado.

Número: O-73-216          Resuelto: 7 de mayo de 1974

*McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria y Rafael Pérez-Bachs,* abogados de la peticionaria; *Myriam Naveira de Rodón, Procuradora General, y Roberto Armstrong, Jr.,*

Procurador General Auxiliar, abogados de la Comisión de Servicio Público.

PER CURIAM: Al resolver en sus méritos la querella de un usuario contra la Puerto Rico Telephone Company por suspensión de servicio y daños derivados, la Comisión de Servicio Público impuso a ésta el pago de una compensación de $2,200, y multa administrativa de $500.00.

En su recurso la peticionaria califica de error capital y privación de su derecho constitucional al debido proceso de ley la actuación de la Comisión de Servicio Público resolviendo sin beneficio de la transcripción de la evidencia oral de la vista, la moción de reconsideración ventilada ante un oficial examinador. Invoca para sostener su posición la decisión en *Asoc. D.C.V.P.* v. *Tribunal Superior*, 101 D.P.R. 416 (1973), que dejó la impresión de que la lectura de la transcripción es el único medio por el que los Comisionados que no intervinieron en la vista pueden adquirir un criterio informado que les permita ejercer a cabalidad su función adjudicativa de la cuestión ante la agencia. El planteamiento de la recurrente se ha disuelto con la posterior decisión de este Tribunal en *A.D.C.V.P.* v. *Tribunal Superior*, 101 D.P.R. 875 (1973), donde resolvimos, aparte de que las decisiones administrativas tienen a su favor una presunción de legalidad y corrección, que el récord taquigráfico no es el único medio de suplir la necesaria inteligencia de los hechos a los Comisionados y que hay otros como informe, resumen, compendio, escrito u oral, o pliego de determinaciones de hecho sometido por los examinadores, método que satisface el debido proceso de ley y que caracteriza como institucional de la agencia y no la de un individuo, la decisión que en su día sea acordada. La toma de un récord taquigráfico es inapreciable garantía de corrección en los procedimientos y de revisión por la parte afectada, mas a los fines de familiarizar a los Comisionados con la evidencia oral, habiendo otros medios, no es indispensable leer la transcripción antes de resolver.

■ A veces notamos una tendencia en los litigantes a complicar el proceso administrativo con exigencias que usualmente afloran en la litigación civil, olvidando que el derecho administrativo nació del propósito de establecer un sistema justo, práctico y flexible para la adjudicación de derechos en las agencias del poder ejecutivo. Todavía El Tribunal Supremo de los Estados Unidos honra aquella idea congénita al decidir que aun las determinaciones o fundamentos incompletos de una decisión administrativa pueden, en la etapa de revisión, ser explicados y suplidos por afidávit sin recurrir a una vista *de novo. Camp* v. *Pitts*, 411 U.S. 138 (1973); 36 L.Ed.2d 106–111.

*Se anulará el auto indebidamente expedido y se devolverá el caso al Tribunal Superior para continuación de procedimientos acordes con esta opinión.*

El Juez Asociado Señor Cadilla Ginorio, disintió.