BolívAR Pérez Ríos, querellante y recurrente, *v.* HULL DOBBS 65th INFANTRY FORD, INC., THE CHASE MANHATTAN BANK, N.A., querellados y recurrente la primera y recurridos, DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR y su SECRETARIA CARMEN T. PESQUERA DE BUSQUETS, recurrido y peticionario.

*Número:* O-78-188        *Resuelto:* 13 de noviembre de 1978

*Myrna S. Bonilla* y *Eugenio Gil De Lamadrid Acosta* y otros, abogados del peticionario; *Ernesto González Piñero*, abogado de Hull Dobbs 65th Infantry Ford, Inc.

El Juez Asociado Señor Rigau emitió la opinión del Tribunal.

De antaño las oficinas públicas para la defensa del consumidor no eran necesarias o no eran tan necesarias como ahora. Antes el ama de casa o su delegada compraba en la carnicería del pueblo la carne fresca del animal sacrificado en la madrugada de ese día. Compraba los productos agrícolas en la plaza del mercado luego de verlos, tocarlos y olerlos, y hasta el hermético huevo de gallina era sometido a pruebas de su frescura.

El jefe de la familia compraba las sencillas y conocidas herramientas, de operación manual, luego de examinarlas cuidadosamente en la ferretería; los muebles eran también de

fácil examen, hechos de madera sólida y no, como a la moderna, enchapados con una lista o franja de madera (*veneer*) y rellenos de cerrín y cartón. La compra del caballo se prestaba más al juego dudoso, pero era más fácil y menos técnico su examen que el del automóvil de hoy.

El consumidor de hoy día compra productos alimenticios enlatados, generalmente luego de haber sido sometido a una campaña masiva de anuncios, compra complicados aparatos que sabe disfrutar pero cuyo funcionamiento y arreglo no entiende, tales como las innumerables máquinas llamadas enseres del hogar, los televisores, los automóviles, etc.

La experiencia demostró que el artefacto que al principio fue un beneficioso invento de un genio creador, al pasar a otras etapas de la actividad económica, se prestó para el engaño frecuente del consumidor. Esa experiencia hizo necesaria la creación de oficinas públicas cuyo propósito es la defensa del consumidor lego frente al productor técnico de aparatos mecánicos y eléctricos y de sus agentes publicitarios y vendedores. Nuestra Ley Núm. 5 de 23 de abril de 1973, 3 L.P.R.A. sec. 341 y ss., contiene un ejemplo de las mencionadas oficinas públicas.

El caso de autos se produce en relación con las consideraciones que antes hemos apuntado.

El 6 de mayo de 1975 Bolívar Pérez Ríos adquirió de Hull Dobbs 65th Infantry Ford, Inc., vendedora ubicada en Puerto Rico, un vehículo de motor Maverick de la Ford, fabricado por la Ford Motor Company. La compra se hizo mediante contrato de compraventa a plazos, contrato que la vendedora Hull Dobbs cedió al Chase Manhattan Bank.

Casi inmediatamente después de su compra el vehículo desarrolló defectos que Hull Dobbs no pudo corregir. A los efectos de lo aquí planteado y de su resolución, no es necesario pormenorizar las varias gestiones, sin éxito, que el comprador

hizo ante Hull Dobbs para que se arreglase el vehículo. Ante esa situación el 6 de octubre de 1975 el comprador presentó una querella en el Departamento de Asuntos del Consumidor contra la vendedora Hull Dobbs y posteriormente, en 19 de abril de 1976 el querellante enmendó la querella para incluir como parte querellada al Chase Manhattan Bank, cesionario del contrato de venta a plazos.

En la vista administrativa celebrada el 13 de octubre de 1976 Hull Dobbs solicitó que la misma se suspendiese a fin de traer al procedimiento al fabricante del automóvil. La petición fue declarada sin lugar. Se basó la agencia administrativa en que le competía al querellante elegir contra quién se querellaba y que era improcedente incluir al fabricante por carecer el Departamento de Asuntos del Consumidor de jurisdicción para entender en una reclamación entre Hull Dobbs y la Ford Motor Company, porque eso sería adjudicar una controversia entre comerciantes, en este caso entre el manufacturero y su vendedor, y no una querella o reclamación entre un consumidor y su vendedor, a tenor con lo prescrito por la ley que crea el Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973; 3 L.P.R.A. sec. 341 y ss. Dicha Ley Núm. 5 mediante su Art. 5, 3 L.P.R.A. sec. 341d, transfirió al Departamento de Asuntos del Consumidor todas las funciones, poderes y deberes de la anterior Administración de Servicios al Consumidor, así como la propiedad, récords, dineros no gastados por dicha Administración y suprimió la citada Administración de Servicios al Consumidor.

En 10 de enero de 1977 el Departamento de Asuntos del Consumidor emitió una resolución resolviendo el contrato de compraventa y ordenó a la vendedora Hull Dobbs y al cesionario Chase Manhattan Bank, en forma solidaria, la devolución del dinero pagado por el querellante por el automóvil, $4,158.24.

Oportunamente Hull Dobbs solicitó revisión del Tribunal Superior, Sala de San Juan, Puerto Rico, e igualmente hizo el Chase Manhattan Bank. La solicitud del Chase fue declarada sin lugar pero la de Hull Dobbs fue declarada con lugar y el Tribunal Superior ordenó al Departamento de Asuntos del Consumidor darle un plazo razonable a Hull Dobbs para que trajese como parte al proceso administrativo que se ventilaba en el Departamento de Asuntos del Consumidor a la Ford Motor Company, manufacturera del vehículo. Debía, ordenó el tribunal, darse tiempo a la manufacturera para que levantase cualquier defensa que pudiera tener contra la reclamación del querellante. Añadió el Tribunal Superior en su sentencia que: "No viene obligado el Departamento a considerar defensas ni alegaciones de clase alguna que afecten únicamente la relación entre vendedora y manufacturera, sino solo aquellas que pudiesen afectar la reclamación del querellante con la vendedora."

Mediante *certiorari* recurrió ante nos el Departamento de Asuntos del Consumidor y expedimos el auto. El recurrente hace el siguiente señalamiento de error:

"Erró el Honorable Tribunal Superior al decidir que el Departamento de Asuntos del Consumidor debe admitir como parte en el proceso administrativo al manufacturero del vehículo de motor objeto de la querella y permitirle que levante cualquier defensa que pudiera tener a la reclamación del querellante que afecte la reclamación de éste contra el vendedor del vehículo de motor."

Nótese que el tribunal no impuso al Departamento de Asuntos del Consumidor, de aquí en adelante denominado DACO, el deber de determinar si la compañía manufacturera es responsable a alguna de las partes. Entendió el tribunal que la responsabilidad de la Ford Motor Company para con su vendedora Hull Dobbs, de existir alguna, debía ventilarse

en acción judicial separada. El tribunal limitó la comparecencia de la Ford Motor Company a discutir las defensas que pudiesen afectar la reclamación del querellante Pérez Ríos contra su vendedora Hull Dobbs porque creyó que así se evitaría alguna injusticia si en una eventual acción judicial entre Hull Dobbs y la Ford ésta levantaba dichas defensas.

Como se sabe las agencias administrativas fueron creadas para entender en esta clase de controversias de carácter técnico, y que generalmente envuelven cuantías limitadas, para que dichas agencias puedan funcionar sin el rigorismo procesal que generalmente ha caracterizado a los tribunales tradicionales. El objetivo era y es establecer un sistema de adjudicación justo, práctico y flexible, menos costoso que la litigación usual y menos complicado. También estos procedimientos administrativos hacen posible a las partes y al juzgador obtener el beneficio de los más entendidos en las materias técnicas que se discuten (*expertise*). 1 Davis, *Administrative Law Treatise* (1958), Sec. 1.05; *Martínez* v. *Tribunal Superior*, 83 D.P.R. 717, 723 (1961); *J.R.T.* v. *Missy Mfg. Corp.*, 99 D.P.R. 805, 812 (1971); *P.R. Tel. Co.* v. *Tribunal Superior*, 102 D.P.R. 231, 233 (1974).

En el mismo sentido véase también *Richardson* v. *Perales*, 402 U.S. 389, 400–401 (1971). *Idem Federal Communications Commission* v. *Schreiber*, 381 U.S. 279, 290 (1965) y *Federal Communications Commission* v. *Pottsville Broadcasting Co.*, 309 U.S. 134, 143 (1940). En estos dos últimos casos el Tribunal Supremo de los Estados Unidos reconoce explícitamente que las agencias administrativas deben tener, dentro del amplio marco constitucional, claro está, facultades suficientemente amplias para establecer sus reglas de procedimiento y los procesos de admisión de prueba.

Los remedios tardíos y los procedimientos complicados derrotarían todo el propósito de las leyes y de las oficinas

creadas para la defensa del consumidor. Este, frente a las grandes empresas manufactureras y vendedoras, generalmente de organización extraestatal, y en ocasiones de organización internacional, resulta un ente económica y sociológicamente muy débil y por eso necesita el apoyo de las mencionadas oficinas y de un procedimiento lo más sencillo y económico posible. El consumidor que va a reclamar contra el vendedor que le vende una máquina de lavar, o un televisor, o un automóvil defectuoso, no puede estar obligado a esperar a que se dilucide la larga cadena de responsabilidades que termina en el vendedor local y que posiblemente se remonta, varios pleitos después, a miles de millas de distancia y a meses o a años de término, hasta llegar al manufacturero original o al suplidor de la materia prima. El proceso administrativo tiene el objetivo de que se le responda inmediatamente al consumidor. Las responsabilidades entre esas otras partes pueden ser dilucidadas si ellos lo desean, mediante litigación ordinaria.

La inclusión de un tercero en el proceso administrativo sin que el querellante o la agencia lo estime necesario o conveniente, complica y retarda innecesariamente el procedimiento, en contravención a la filosofía adjudicatoria que informa los procesos administrativos y que ya hemos mencionado. Desde luego, la inclusión de un tercero sería mandatoria si su exclusión le privase de su día en corte. Como se sabe, el debido procedimiento de ley ofrece protección contra la posible arbitrariedad administrativa, pero no es un molde rígido que prive de flexibilidad responsable a dichos procedimientos. *Rodríguez* v. *Tribunal Superior*, 104 D.P.R. 335, 340 (1975); Davis, F. B., *Administrative Law: Today & Tomorrow*, 22 J. Pub. L. 335, 352 (1973).

El debido procedimiento de ley impide que una orden o sentencia afecte a quien no fue parte en el pleito en que se dictó. *Blonder-Tongue* v. *University Foundation*, 402 U.S. 313, 329 (1971). De manera que con la exclusión de Ford del

procedimiento administrativo no le impide oponer en su día las defensas que pueda tener en una acción separada que Hull Dobbs lleve contra ella. Por lo tanto no es correcto sostener que la no intervención de Ford en este procedimiento administrativo podría resultar en perjuicio suyo si Hull Dobbs se dirige contra Ford.

■ Tampoco se vulneran los derechos de Hull Dobbs al permitir a Ford levantar defensas en pleito separado. Dada la situación de hechos, las defensas que Ford puede oponer a la reclamación del querellante contra Hull Dobbs son prácticamente las siguientes: 1) que Pérez no cumplió con los términos de la garantía, 2) que el vehículo se usó indebidamente, 3) que el vehículo no tenía defectos de fabricación, ó 4) que las reparaciones fueron adecuadas.

■ Si alguien conoce esas defensas es Hull Dobbs, quien inspeccionó el vehículo y lo reparó o trató de hacerlo y está obligada a conocer la garantía de su fabricante. Hull Dobbs está en posición de presentar esas defensas en la reclamación administrativa de Pérez y de defenderse contra ellas en la reclamación judicial que pudiese darse entre ella y la Ford. Si Hull Dobbs es derrotada en ambas reclamaciones, no es porque se le haya privado de su día en corte o del debido procedimiento de ley, sino porque su posición no tiene mérito a juicio del juzgador o porque no la presenta adecuadamente.

Por lo anteriormente dicho entendemos que erró la ilustrada sala de instancia al determinar que DACO venía obligado a admitir como parte en el procedimiento administrativo al manufacturero del vehículo para que éste levantase sus defensas en contra del consumidor querellante. Este procedimiento se contrae a una querella entre el consumidor Pérez Ríos y la vendedora Hull Dobbs, iniciado por aquel. Desde luego, siempre queda a salvo la facultad de DACO y la del querellante de traer al procedimiento al manufacturero si

cualquiera de ellos estima que es necesario o conveniente así hacerlo. Pero éste no ha sido el caso en este procedimiento.

*La sentencia recurrida será revocada.*