EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Vivian Amieiro González, et al.<br><br>    Querellantes-Peticionarios<br><br><br><br>                Vs.<br><br>Pinnacle Real Estate Group, PSC, H/N/C Home Team<br>    Querellada-Recurrida<br><br> María del C. Arredondo Pérez y<br> María Rosa Arredondo Pérez<br>    Querelladas-Recurridas | Certiorari<br><br>2008 TSPR 52<br><br>173 DPR \_\_\_\_ |

Número del Caso: CC-2006-774

Fecha: 26 de marzo de 2008

Tribunal de Apelaciones:

                    Región Judicial de San Juan Panel II


Juez Ponente:
                    Hon. Troadio González Vargas


Abogado de la Parte Peticionaria:

                    Lcdo. Manuel Izquierdo Encarnación

Abogado de la Parte Recurrida:

                    Lcdo. Pedro A. Barceló Lugo


Materia: Revisión Administrativa


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Vivian Amieiro González,
 et al.

   Querellantes-Peticionarios

        Vs.               CC-2006-774     Certiorari

Pinnacle Real Estate Group,
PSC, H/N/C Home Team
   Querellada-Recurrida

María del C. Arredondo Pérez y
María Rosa Arredondo Pérez
   Querelladas-Recurridas

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 26 de marzo de 2008.

En esta ocasión, nos corresponde resolver si la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresas de Bienes Raíces, 20 L.P.R.A. sec. 3025 *et seq.*, le confiere al Departamento de Asuntos del Consumidor jurisdicción sobre las vendedoras de una propiedad. Por entender que el referido estatuto expresamente excluye de su aplicación a los propietarios de bienes inmuebles situados en o fuera Puerto Rico cuando éstos no se dedican habitualmente al negocio de bienes raíces, confirmamos el dictamen recurrido.

I

Los hechos de este caso no están en controversia. El 10 de abril de 2002, la Sra. María del Carmen Arredondo Pérez y la Sra. María Rosa

Arredondo Pérez (en adelante, las señoras Arredondo Pérez) contrataron los servicios de los corredores de bienes raíces, Pinnacle Real Estate Group (en adelante, Pinnacle) para la venta de un bien inmueble perteneciente a ellas, sito en Miramar. Seis meses después, las señoras Arredondo Pérez suscribieron un contrato de compraventa por el precio convenido de $550,000 con los peticionarios, la Sra. Vivian Amieiro González y su esposo, el Sr. Natalio Izquierdo Encarnación (en adelante, el matrimonio Izquierdo-Amieiro).

En vista de que el matrimonio Izquierdo-Amieiro deseaba demoler la estructura y construir una nueva edificación, acudió ante la Administración de Reglamentos y Permisos (en adelante, A.R.P.E.) para obtener los permisos correspondientes. Como parte del proceso de demolición de la estructura, A.R.P.E. le requirió al matrimonio Izquierdo-Amieiro un estudio de materiales tóxicos. Para esta encomienda, los peticionarios contrataron al Arquitecto César A. Santos, quien tras realizar dicho estudio determinó que la estructura estaba contaminada con asbesto y pintura con base de plomo. En vista de ello, el matrimonio Izquierdo-Amieiro pagó $5,000 por el referido estudio y $112,000 por la remoción de los materiales tóxicos a la compañía SAQ Environmental Engineers, Inc.

A raíz de estos hechos, el 10 de octubre de 2003, el matrimonio Izquierdo-Amieiro entabló una querella ante el Departamento de Asuntos del Consumidor (en adelante, DACO) contra Pinnacle, al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor

o Empresas de Bienes Raíces, (en adelante, Ley para Reglamentar el Negocio de Bienes Raíces), Ley Núm. 10 de 26 de abril de 1994, *supra*. En esencia, el matrimonio Izquierdo-Amieiro arguyó que antes de la compraventa, Pinnacle no le informó sobre la posible existencia de materiales tóxicos en el inmueble, impidiéndole así tomar una decisión informada. Por ello, el matrimonio Izquierdo-Amieiro le reclamó a Pinnacle una indemnización, ascendente a $117,000, para recobrar los gastos incurridos en el estudio y remoción de los materiales tóxicos.

Oportunamente, Pinnacle compareció ante DACO y solicitó que se incluyera como parte indispensable a las vendedoras, las señoras Arredondo Pérez. En vista de ello, DACO le ordenó al matrimonio Izquierdo-Amieiro enmendar la querella para incluir a las vendedoras. En cumplimiento con dicha orden, los peticionarios enmendaron la querella y le notificaron a las señoras Arredondo Pérez mediante facsímil. Así las cosas, las señoras Arredondo Pérez comparecieron ante DACO y sostuvieron que la agencia no tenía jurisdicción sobre ellas en virtud de la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, toda vez que dicha ley excluye de su aplicación a las personas que no se dedican habitualmente a la venta de bienes raíces.

Celebrada la vista administrativa, DACO concluyó que las señoras Arredondo Pérez y Pinnacle eran solidariamente responsables y les ordenó pagar $117,000 al matrimonio Izquierdo-Amieiro por los gastos incurridos en el estudio y remoción de los contaminantes. Fundamentó su determinación

en que el Artículo 6(d) de la Ley Orgánica de DACO, 3 L.P.R.A. sec. 341e(d), que le concede la facultad de vindicar los derechos de los consumidores en todas las leyes vigentes, le permite adjudicar controversias al amparo de la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residenciales, "Residencial Lead-Based Paint Hazard Act", 48 U.S.C. 4851 *et seq*. La agencia razonó, además, que dicho estatuto federal exige que, antes de la compraventa, el vendedor y el corredor de bienes raíces divulguen al comprador su conocimiento sobre la existencia de pintura con base de plomo en estructuras construidas antes de 1978.

Inconformes con la Resolución de DACO, todas las partes presentaron sus respectivas mociones de reconsideración. Cabe señalar que en su moción de reconsideración las señoras Arredondo Pérez levantaron por primera vez la defensa de falta de jurisdicción sobre la persona. Alegaron que no son residentes del Estado Libre Asociado de Puerto Rico y que DACO actuó *ultra vires* al asumir jurisdicción sobre su persona.

La agencia acogió las mociones de reconsideración presentadas, y luego de prorrogar el término para considerarlas, modificó la resolución emitida a los efectos de que Pinnacle y las señoras Arredondo Pérez satisficieran la indemnización mancomunadamente. Específicamente, DACO determinó que Pinnacle sólo respondería por una suma porcentual igual a la que recibió en carácter de comisión por los servicios prestados, mientras que las señoras Arredondo

Pérez asumirían el pago del monto restante. Respecto al señalamiento de falta de jurisdicción sobre la persona alegado por las señoras Arredondo Pérez, DACO lo descartó por entender que existían contactos mínimos.

Insatisfechas, las señoras Arredondo Pérez acudieron ante el Tribunal de Apelaciones y adujeron que la agencia erró al adjudicar la querella al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, ya que a su entender dicho estatuto no les aplica toda vez que ellas no son vendedoras de bienes raíces. Cuestionaron, además, la facultad de DACO para aplicar e interpretar la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residenciales, *supra*. Por último, las señoras Arredondo Pérez arguyeron nuevamente que DACO no podía asumir jurisdicción sobre sus personas ya que ellas eran residentes del estado de la Florida.

Luego de los trámites de rigor, el foro apelativo revocó la determinación de DACO y concluyó que la agencia no tenía jurisdicción sobre las señoras Arredondo Pérez, toda vez que la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, excluye de su aplicación a los vendedores que no se dedican habitualmente a la venta de bienes raíces. Estimó, además, que DACO excedió su discreción al asumir jurisdicción sobre las señoras Arredondo Pérez ya que entre éstas y el matrimonio Izquierdo-Amieiro no existía una relación de consumidor y proveedor de servicios, según definida en la ley habilitadora de la agencia. Por último, el tribunal apelativo añadió que DACO no es un foro de jurisdicción

general y que no puede asumir jurisdicción sobre las señoras Arredondo Pérez en virtud de la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residenciales, *supra*.

Por otra parte, el foro apelativo concluyó que, al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, DACO puede resolver la querella presentada en contra de Pinnacle y aplicarle el mencionado estatuto federal. A su vez, señaló que el matrimonio Izquierdo-Amieiro podía incoar una acción contra las señoras Arredondo Pérez en el foro judicial federal, en el Tribunal de Primera Instancia o en las agencias federales Environmental Protection Agency y Department of Housing and Urban Development.

Inconforme con el dictamen, el matrimonio Izquierdo-Amieiro acude ante nos mediante recurso de *certiorari* y arguye que erró el foro apelativo al resolver que DACO no ostentaba jurisdicción sobre las vendedoras al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, ni en virtud de la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residenciales, *supra*.

Examinada la solicitud presentada, acordamos expedir. Le concedimos a las señoras Arredondo Pérez y a Pinnacle un término para presentar sus alegatos, mas este último no compareció. Con el beneficio de la comparecencia del matrimonio Izquierdo-Amieiro y de las señoras Arredondo Pérez, procedemos a resolver.

## II

### A

Sabido es que en nuestro ordenamiento jurídico la ley es el medio o fuente que establece los límites del poder y de las facultades de las agencias administrativas. Véase Caribe Communications v. P.R.T.C., 157 D.P.R. 203, 211 (2002). La ley habilitadora es el mecanismo legal que le delega a la agencia los poderes necesarios para actuar de conformidad con el propósito legislativo. Id. En virtud de ello, una agencia administrativa sólo puede llevar a cabo las funciones que se le han encomendado legislativamente y aquellas que surgen de su actividad o encomienda principal. Caribe Communications v. P.R.T.C., supra, a la página 213. No obstante, si la actuación de la agencia administrativa excede los poderes delegados por la Asamblea Legislativa, será considerada ultra vires y, por ende, nula.

De conformidad con lo anterior, hemos expresado que "una agencia administrativa no puede asumir jurisdicción sobre situación alguna que no esté autorizada por ley; es decir, ni la necesidad, ni la utilidad, ni la conveniencia pueden sustituir al estatuto en cuanto a fuente de poder de una agencia administrativa. Es por ello que cualquier duda en cuanto a la existencia de dicho poder debe resolverse en contra del ejercicio del mismo". (Énfasis en el original). Raimundi Meléndez v. Productora de Agregados, res. el 21 de junio de 2004, 2004 TSPR 106.

La controversia que nos ocupa requiere, precisamente, analizar el alcance y la extensión del poder conferido

legislativamente a DACO, con el fin de determinar su autoridad sobre las señoras Arredondo Pérez. Para ello, es preciso repasar algunas disposiciones de su ley habilitadora.

**B**

El Departamento de Asuntos del Consumidor fue creado con el fin primordial de vindicar e implementar los derechos del consumidor. 3 L.P.R.A sec. 341B. En sintonía con lo anterior, la ley habilitadora de DACO le confirió a su Secretario la facultad de atender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos en el sector privado de la economía. 3 L.P.R.A. sec. 341e(c). En aras de vindicar eficazmente los derechos de los consumidores, DACO posee una estructura de adjudicación administrativa con plenos y amplios poderes para adjudicar las querellas ante su consideración, y conceder los remedios pertinentes conforme a derecho. 3 L.P.R.A. sec. 341e(d).

Ahora bien, para adjudicar eficientemente los derechos de los consumidores, es preciso que el procedimiento administrativo sea flexible, ágil, rápido, y libre de las trabas procesales de los tribunales de justicia. Véase Martínez v. Tribunal Superior, 83 D.P.R. 717, 720 (1961). A tenor con esta normativa, hemos expresado que "[l]a inclusión de un tercero en el proceso administrativo sin que el querellante o la agencia lo estime necesario o conveniente, complica y retarda innecesariamente el procedimiento, en contravención a la filosofía adjudicatoria que informa los procesos administrativos. Desde luego, la inclusión de un

tercero sería mandatoria si su exclusión le privase de su día en corte." Pérez Ríos v. Hull Dobbs, 107 D.P.R. 834, 841 (1978).

Conforme a lo anterior, no cabe duda que la inclusión de un tercero en el proceso administrativo debe ponderarse cuidadosamente a los fines de evitar que la demora perjudique al consumidor y dé al traste con la flexibilidad que caracteriza dichos procedimientos. La responsabilidad que pueda tener el tercero que se interesa incluir frente al querellado o ante el querellante puede dilucidarse mediante litigación ordinaria. Véase Pérez Ríos v. Hull Dobbs, *supra*. De esta manera, se evita la dilación en los procedimientos administrativos y se le garantiza al consumidor un proceso rápido y sencillo, y la pronta solución de la querella presentada ante DACO.

Para el análisis de la controversia ante nos, es preciso recalcar que el entramado administrativo de DACO sólo comprende las causas de acción presentadas por los consumidores. A pesar de que la ley orgánica de DACO guarda silencio sobre quién es un consumidor, el Reglamento de Procedimientos Adjudicativos de DACO lo define como "toda **persona natural**, que **adquiere** o utiliza **productos o servicios** como **destinatario final**. Incluye toda otra persona, asociación o entidad que por designación de ley está facultado para presentar su reclamación en el Departamento." (Énfasis suplido). Regla 4(d) del Reglamento Núm. 6219 de 18 de noviembre de 2000. Asimismo, la citada disposición excluye de la definición de consumidor a cualquier persona o

entidad que adquiere bienes o servicios con motivo de lucrarse en una posterior reventa. *Id*.

De lo anterior se desprende que la jurisdicción de DACO depende, esencialmente, del reclamo de un consumidor en oposición a una persona o entidad que provee productos o servicios. Cónsono con ello, hemos resuelto que DACO carece de jurisdicción para entender en una querella presentada por una parte que no pueda calificarse como un consumidor. Martínez Segarra v. Rosado Santoni, res. el 14 de septiembre de 2005, 2005 TSPR 127. A su vez, de lo anterior se colige que la debida adjudicación de las querellas presentadas ante el DACO supone una limitación razonable a la inclusión de terceras personas ajenas al procedimiento, en la medida que ello pueda desvirtuar el propósito legislativo de conferirle a los consumidores un foro ágil, flexible y eficaz.

### C

Ahora bien, la Asamblea Legislativa le ha conferido autoridad a DACO para regular y atender asuntos específicos en los que, claro está, hay consumidores envueltos. A tales efectos, la Asamblea Legislativa aprobó la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresas de Bienes Raíces, *supra*, mediante la cual agrupó todas las disposiciones legales relativas al negocio de bienes raíces y dispuso un nuevo y más estricto cuerpo reglamentario con el propósito de beneficiar a los consumidores, vendedores y corredores de bienes raíces. Vélez López v. Izquierdo Stella, res. el 7 de junio de 2004, 2004 TSPR 92.

La referida pieza legislativa facultó a DACO para supervisar tanto el negocio de bienes raíces en Puerto Rico como la venta en Puerto Rico de bienes ubicados fuera de esta jurisdicción. 20 L.P.R.A sec. 3046. Específicamente, le concedió a DACO la facultad de realizar investigaciones y adjudicar querellas sobre transacciones de propiedades localizadas en o fuera de Puerto Rico al incurrir en cualquiera de los actos o prácticas proscritas en la Ley. 20 L.P.R.A. sec. 3046(a).

A esos efectos, la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, le prohíbe a toda persona sujeta a las disposiciones de la misma incurrir o inducir a otra persona a incurrir en la siguiente práctica: "**[n]o** suministrar a las partes, al momento de consumarse una transacción de bienes raíces, **toda la información necesaria para la misma y todos los documentos que exigen las leyes y los reglamentos aplicables**". (Énfasis suplido) 20 L.P.R.A. sec. 3054(a)(8). Asimismo, el referido estatuto proscribe "[o]cultar deliberadamente información esencial sobre las condiciones de una propiedad, con el ánimo de inducir a una de las partes a concluir la transacción en unos términos que, de conocerlos, no hubiese realizado la transacción o hubiese pagado un precio menor". 20 L.P.R.A. sec. 3054(a)(17).

No obstante, conviene aclarar que la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, expresamente **excluye** de su aplicación a "los **propietarios** de bienes inmuebles localizados en o fuera de Puerto Rico que vendan o enajenen bienes inmuebles propios cuando **no se dediquen**

**habitualmente a la venta de bienes raíces**". (Énfasis suplido). 20 L.P.R.A. sec. 3056(e). La medida legislativa en cuestión define propietario como el titular de un bien inmueble localizado en o fuera de Puerto Rico que solicite o contrate los servicios de un corredor, vendedor o empresa de bienes raíces para llevar a cabo una transacción de bienes raíces relacionada con dicho inmueble. 20 L.P.R.A. sec. 3025(r).

Con estos preceptos en mente, y a la luz de los enunciados esbozados sobre el alcance de las facultades de las agencias administrativas, debemos resolver si DACO ostenta jurisdicción sobre la persona de las vendedoras, señoras Arredondo Pérez, al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*.

### III

En el caso de autos, el matrimonio Izquierdo-Amieiro presentó ante DACO una querella contra la empresa de bienes raíces Pinnacle a la luz de lo dispuesto en la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*. Ésta, a su vez, solicitó que se incluyera como parte indispensable a las señoras Arredondo Pérez. DACO acogió el recurso y le ordenó al matrimonio Izquierdo-Amieiro enmendar la querella presentada para incluir como parte indispensable a las señoras Arredondo Pérez. No obstante, éstas alegaron –y hoy sostienen ante nos– que DACO no tenía jurisdicción sobre ellas en virtud de dicha legislación. Les asiste la razón.

Conforme surge de la normativa antes expuesta, la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, le

otorga jurisdicción a DACO para atender querellas contra corredores, vendedores y empresas de bienes raíces cuando éstos incurren en alguna de las prácticas proscritas por el estatuto. **El propio estatuto dispone expresamente que sus disposiciones <u>no</u> le aplicarán a los propietarios que no se dedican habitualmente al negocio de bienes raíces**.

En el presente caso, no surge del expediente que las señoras Arredondo Pérez se dedicaran al negocio de bienes raíces. Por el contrario, es un hecho incontrovertido que las señoras Arredondo Pérez contrataron los servicios de Pinnacle para la venta de su propiedad. Además, en la vista celebrada ante DACO, el matrimonio Izquierdo-Amieiro en ningún momento alegó que las señoras Arredondo Pérez se dedicaban al negocio de bienes raíces. Por consiguiente, de los hechos del caso de autos se desprende con meridiana claridad que las señoras Arredondo Pérez son propietarias de un bien inmueble sito en Puerto Rico y que no se dedican habitualmente al negocio de bienes raíces.

Conforme a lo anterior, al DACO asumir jurisdicción sobre las señoras Arredondo Pérez en virtud de la Ley para Reglamentar el Negocio de Bienes Raíces se arrogó una jurisdicción que evidentemente no ostentaba. DACO no tenía discreción para asumir jurisdicción sobre las recurridas en virtud de la Ley para Reglamentar el Negocio de Bienes Raíces, *supra*, cuando dicho estatuto excluye de su aplicación a los propietarios que no se dedican a la venta de bienes raíces. Claramente, no se puede incluir en la ley, por vía de interpretación, lo que no está dispuesto en la misma.

A su vez, no cabe duda que DACO estaba impedido de acoger la solicitud de Pinnacle para incluir en la querella a las señoras Arredondo Pérez como parte indispensable. Nótese que Pinnacle no es un consumidor según definido por el Reglamento del DACO, *supra*, sino un comerciante que no puede aprovechar la estructura administrativa del DACO para vindicar sus derechos. Véase <u>Martínez Segarra v. Rosado Santoni</u>, *supra*. En aras de mantener la efectividad del procedimiento administrativo ante DACO, no podemos avalar que el mismo se utilice para atender reclamaciones que muy bien pueden ser resueltas de forma ordinaria. Véase <u>Pérez Ríos v. Hull Dobbs</u>, *supra*, donde nos expresamos a tales efectos.

Por tanto, no podemos endosar la práctica de utilizar argumentos de parte indispensable como subterfugio para obviar la jurisdicción conferida por la ley habilitadora de la agencia. Debemos recordar que DACO no es un foro de jurisdicción general y que tiene que ceñirse a la autoridad que le fue delegada por la Asamblea Legislativa. Resolver lo contrario, produciría resultados incompatibles con el propósito de la ley y con la política misma de delegación legislativa.

Finalmente, conviene aclarar que –así como DACO no podía acoger la solicitud de Pinnacle para incluir a las señoras Arredondo Pérez como co-querelladas en el proceso administrativo– tampoco podía asumir jurisdicción sobre las recurridas en virtud de la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residenciales, *supra*. Ciertamente, el referido

estatuto federal contiene disposiciones aplicables a los propietarios de una propiedad cuando éstos pretenden venderla o alquilarla, aun cuando haya mediado la intervención de un corredor de bienes raíces. Véase 42 U.S.C. sec. 4852d. No obstante, eso no significa que DACO esté facultado para asumir jurisdicción sobre esas personas aunque no se cumplan los criterios y requisitos necesarios para ello. Téngase presente que la jurisdicción de DACO está delimitada por su ley habilitadora y por otras leyes mediante las cuales el legislador delegó en ella facultades investigativas, reglamentarias y adjudicativas. Conforme a esas facultades delegadas, DACO no podía acceder a la solicitud de Pinnacle de incluir a las señoras Arredondo Pérez como co-querelladas, toda vez que éste no se considera un consumidor en relación a las señoras Arredondo Pérez.

Si bien reconocemos que existe una amplia gama de asuntos que pueden ser llevados ante la consideración de DACO, todos ellos se enmarcan dentro de los poderes delegados y se relacionan directamente con el fin que motivó su creación: la vindicación e implementación de los derechos de los consumidores. Por tanto, el mero hecho de que la ley federal contenga disposiciones dirigidas a propietarios que no se dediquen habitualmente al negocio de bienes raíces, no implica que DACO pueda asumir jurisdicción sobre ellos cuando dicha actuación produciría un resultado contrario a su ley habilitadora. Es decir, independientemente de que la agencia pueda aplicar las disposiciones del estatuto federal con respecto a personas sobre las cuales posee jurisdicción -

aspecto que no ha sido cuestionado por la parte peticionaria- resulta evidente que dicha ley no representa una alteración a las funciones de DACO ni tiene el efecto de ampliar la jurisdicción que le fue concedida por la Asamblea Legislativa.

A la luz de lo anterior, concluimos que actuó correctamente el foro apelativo al determinar que DACO excedió su discreción al asumir jurisdicción sobre las señoras Arredondo Pérez.

**IV**

Por los fundamentos que anteceden, confirmamos la sentencia del Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Vivian Amieiro González,
 et al.

   Querellantes-Peticionarios

       vs.                CC-2006-774      Certiorari

Pinnacle Real Estate Group,
PSC, H/N/C Home Team
   Querellada-Recurrida

María del C. Arredondo Pérez y
María Rosa Arredondo Pérez
   Querelladas-Recurridas

SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 2008.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la sentencia del Tribunal de Apelaciones.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

                 Aida Ileana Oquendo Graulau
             Secretaria del Tribunal Supremo