El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
En esta ocasión nos corresponde resolver si la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresas de Bienes Raíces en Puerto Rico confiere al Departamento de Asuntos del Con-sumidor jurisdicción sobre las vendedoras de una propiedad. Por entender que el referido estatuto expresa-mente excluye de su aplicación a los propietarios de bienes inmuebles situados en o fuera de Puerto Rico cuando éstos no se dedican habitualmente al negocio de bienes raíces, confirmamos el dictamen recurrido.
I
Los hechos de este caso no están en controversia. El 10 de abril de 2002 la Sra. María del Carmen Arredondo Pé-rez y la Sra. María Rosa Arredondo Pérez (señoras Arre-dondo Pérez) contrataron los servicios de los corredores de bienes raíces Pinnacle Real Estate Group (Pinnacle) para la venta de un bien inmueble perteneciente a ellas, sito en Miramar. Seis meses después, las señoras Arredondo Pérez suscribieron un contrato de compraventa por el precio con-venido de $550,000 con los peticionarios, la Sra. Vivian Amieiro González y su esposo, el Sr. Natalio Izquierdo En-carnación (matrimonio Izquierdo-Amieiro).
En vista de que el matrimonio Izquierdo-Amieiro de-seaba demoler la estructura y construir una nueva edifica-ción, acudió ante la Administración de Reglamentos y Per-misos (A.R.Pe.) para obtener los permisos correspon-dientes. Como parte del proceso de demolición de la estruc-tura, A.R.Pe. le requirió al matrimonio Izquierdo-Amieiro un estudio de materiales tóxicos. Para esta encomienda, *368 los peticionarios contrataron al Arq. César A. Santos, quien tras realizar dicho estudio determinó que la estructura es-taba contaminada con asbesto y pintura con base de plomo. En vista de ello, el matrimonio Izquierdo-Amieiro pagó $5,000 por el referido estudio, y $112,000 por la remoción de los materiales tóxicos a la compañía SAQ Environmental Engineers, Inc.
A raíz de estos hechos, el 10 de octubre de 2003 el ma-trimonio Izquierdo-Amieiro entabló una querella ante el Departamento de Asuntos del Consumidor (D.A.Co.) contra Pinnacle, al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Ven-dedor o Empresas de Bienes Raíces en Puerto Rico (Ley para Reglamentar el Negocio de Bienes Raíces), Ley Núm. 10 de 26 de abril de 1994 (20 L.P.R.A. see. 3025 et seq.) En esencia, el matrimonio Izquierdo-Amieiro argüyó que antes de la compraventa, Pinnacle no le informó sobre la po-sible existencia de materiales tóxicos en el inmueble, impi-diéndole así tomar una decisión informada. Por ello, el matrimonio Izquierdo-Amieiro le reclamó a Pinnacle una indemnización, ascendente a $117,000, para recobrar los gastos incurridos en el estudio y remoción de los materia-les tóxicos.
Oportunamente, Pinnacle compareció ante D.A.Co. y so-licitó que se incluyera como parte indispensable a las ven-dedoras, las señoras Arredondo Pérez. En vista de ello, D.A.Co. le ordenó al matrimonio Izquierdo-Amieiro enmen-dar la querella para incluir a las vendedoras. En cumpli-miento con dicha orden, los peticionarios enmendaron la querella y le notificaron a las señoras Arredondo Pérez me-diante facsímil. Así las cosas, las señoras Arredondo Pérez comparecieron ante D.A.Co. y sostuvieron que la agencia no tenía jurisdicción sobre ellas en virtud de la Ley para Reglamentar el Negocio de Bienes Raíces, ya que dicha ley excluye de su aplicación a las personas que no se dedican habitualmente a la venta de bienes raíces.
*369 ' Celebrada la vista administrativa, D.A.Co. concluyó que las señoras Arredondo Pérez y Pinnacle eran solidaria-mente responsables y les ordenó pagar $117,000 al matri-monio Izquierdo-Amieiro por los gastos incurridos en el es-tudio y remoción de los contaminantes. Fundamentó su determinación en que el Art. 6(d) de la Ley Orgánica de D.A.Co., 3 L.P.R.A. sec. 341e(d), que le concede la facultad de vindicar los derechos de los consumidores en todas las leyes vigentes, le permite adjudicar controversias al am-paro de la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residencia-les, “Residential Lead-Based Paint Hazard Act”, 42 U.S.C.A. sec. 4851 et seq. La agencia razonó, además, que dicho estatuto federal exige que, antes de la compraventa, el vendedor y el corredor de bienes raíces divulguen al comprador su conocimiento sobre la existencia de pintura con base de plomo en estructuras construidas antes de 1978.
Inconformes con la Resolución de D.A.Co., todas las par-tes presentaron sus respectivas mociones de recon-sideración. Cabe señalar que en su moción de reconsidera-ción las señoras Arredondo Pérez levantaron por primera vez la defensa de falta de jurisdicción sobre la persona. Alegaron que no son residentes del Estado Libre Asociado de Puerto Rico y que D.A.Co. actuó ultra vires al asumir jurisdicción sobre su persona.
La agencia acogió las mociones de reconsideración pre-sentadas y, luego de prorrogar el término para considerar-las, modificó la resolución emitida para que Pinnacle y las señoras Arredondo Pérez satisficieran la indemnización mancomunadamente. Específicamente, D.A.Co. determinó que Pinñacle sólo respondería por una suma porcentual igual a la que recibió en carácter de comisión por los servi-cios prestados, mientras que las señoras Arredondo Pérez asumirían el pago del monto restante. Respecto al señala-miento de falta de jurisdicción sobre la persona alegado por *370 las señoras Arredondo Pérez, D.A.Co. lo descartó por en-tender que existían contactos mínimos.
Insatisfechas, las señoras Arredondo Pérez acudieron ante el Tribunal de Apelaciones y adujeron que la agencia erró al adjudicar la querella al amparo de la Ley para Re-glamentar el Negocio de Bienes Raíces, ya que a su enten-der dicho estatuto no les aplica, porque ellas no son vende-doras de bienes raíces. Cuestionaron, además, la facultad de D.A.Co. para aplicar e interpretar la Ley para la Reduc-ción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residenciales. Por último, las señoras Arredondo Pérez argüyeron nuevamente que D.A.Co. no podía asumir jurisdicción sobre sus personas, ya que ellas eran residentes del estado de Florida.
Luego de los trámites de rigor, el foro apelativo revocó la determinación de D.A.Co. y concluyó que la agencia no te-nía jurisdicción sobre las señoras Arredondo Pérez, ya que la Ley para Reglamentar el Negocio de Bienes Raíces ex-cluye de su aplicación a los vendedores que no se dedican habitualmente a la venta de bienes raíces. Estimó, ade-más, que D.A.Co. excedió su discreción al asumir jurisdic-ción sobre las señoras Arredondo Pérez, ya que entre éstas y el matrimonio Izquierdo-Amieiro no existía una relación de consumidor y proveedor de servicios, según definida en la ley habilitadora de la agencia. Por último, el tribunal apelativo añadió que D.A.Co. no es un foro de jurisdicción general y que no puede asumir jurisdicción sobre las seño-ras Arredondo Pérez en virtud de la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas Residenciales.
Por otra parte, el foro apelativo concluyó que, al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces, D.A.Co. puede resolver la querella presentada contra Pinnacle y aplicarle el mencionado estatuto federal. A su vez, señaló que el matrimonio Izquierdo-Amieiro podía incoar una acción contra las señoras Arredondo Pérez en el foro *371 judicial federal, en el Tribunal de Primera Instancia o en las agencias federales Environmental Protection Agency y Department of Housing and Urban Development.
Inconforme con el dictamen, el matrimonio Izquierdo-Amieiro acude ante nos mediante un recurso de certiorari y arguye que erró el foro apelativo al resolver que D.A.Co. no ostentaba jurisdicción sobre las vendedoras al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces, ni en virtud de la Ley para la Reducción de los Riesgos Pro-vocados por la Pintura a Base de Plomo en Viviendas Residenciales.
Examinada la solicitud presentada, acordamos expedir. Le concedimos a las señoras Arredondo Pérez y a Pinnacle un término para presentar sus alegatos, mas este último no compareció. Con el beneficio de la comparecencia del matrimonio Izquierdo-Amieiro y de las señoras Arredondo Pérez, procedemos a resolver.
II
A. Sabido es que en nuestro ordenamiento jurídico la ley es el medio o fuente que establece los límites del poder y de las facultades de las agencias administrativas. Véase Caribe Comms., Inc. v. P.R.T. Co., 157 D.P.R. 203, 211 (2002). La ley habilitadora es el mecanismo legal que delega a la agencia los poderes necesarios para actuar en conformidad con el propósito legislativo. íd. En virtud de esto, una agencia administrativa sólo puede llevar a cabo las funciones que se le han encomendado legislativamente y aquellas que surgen de su actividad o encomienda principal. Id., pág. 213. No obstante, si la actuación de la agencia administrativa excede los poderes delegados por la Asamblea Legislativa, será considerada ultra vires y, por ende, nula.
En conformidad con lo anterior, hemos expresado que
*372 ... una agencia administrativa no puede asumir jurisdicción sobre situación alguna que no esté autorizada por ley; es decir, ni la necesidad, ni la utilidad, ni la conveniencia pueden sus-tituir al estatuto en cuanto a fuente de poder de una agencia administrativa. Es por ello que cualquier duda en cuanto a la existencia de dicho poder debe resolverse en contra de su ejercicio. (Énfasis en el original.) Raimundi v. Productora, 162 D.P.R. 215, 225 (2004).
La controversia que nos ocupa requiere, precisamente, analizar el alcance y la extensión del poder conferido legis-lativamente a D.A.Co., para determinar su autoridad sobre las señoras Arredondo Pérez. Para ello, es preciso repasar algunas disposiciones de su ley habilitadora.
B. El Departamento de Asuntos del Consumidor fue creado con el fin primordial “de vindicar e implementar los derechos del consumidor”. 3 L.P.R.A. sec. 341b. En sintonía con lo anterior, la ley habilitadora de D.A.Co. confirió a su Secretario la facultad de “[a]tender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos en el sector privado de la economía”. 3 L.P.R.A. sec. 341e(c). En aras de vindicar eficazmente los derechos de los consumidores, D.A.Co. posee “una estructura de adjudicación administrativa con plenos y amplios poderes para adjudicar las querellas ante su consideración, y conceder los remedios pertinentes conforme a derecho”. 3 L.P.R.A. sec. 341e(d).
Ahora bien, para adjudicar eficientemente los derechos de los consumidores, es preciso que el procedimiento administrativo sea flexible, ágil, rápido y libre de las trabas procesales de los tribunales de justicia. Véase Martínez v. Tribunal Superior, 83 D.P.R. 717, 720 (1961). De acuerdo con esta normativa, hemos expresado que
a inclusión de un tercero en el proceso administrativo sin que el querellante o la agencia lo estime necesario o conveniente, complica y retarda innecesariamente el procedimiento, *373 en contravención a la filosofía adjudicatoria que informa los procesos administrativos .... Desde luego, la inclusión de un tercero sería mandatoria si su exclusión le privase de su día en corte. Pérez Ríos v. Hull Dobbs, 107 D.P.R. 834, 841 (1978).
Conforme a lo anterior, no cabe duda de que la inclusión de un tercero en el proceso administrativo debe ponderarse cuidadosamente para evitar que la demora perjudique al consumidor y dé al traste con la flexibilidad que caracte-riza dichos procedimientos. La responsabilidad que pueda tener el tercero que se interesa incluir frente al querellado o ante el querellante puede dilucidarse mediante litigación ordinaria. Véase Pérez Ríos v. Hull Dobbs, supra. De esta manera, se evita la dilación en los procedimientos adminis-trativos y se le garantiza al consumidor un proceso rápido y sencillo, dirigido a la pronta solución de la querella pre-sentada ante D.A.Co.
Para el análisis de la controversia ante nos, es preciso recalcar que el entramado administrativo de D.A.Co. sólo comprende las causas de acción presentadas por los consumidores. A pesar de que la ley orgánica de D.A.Co. guarda silencio sobre quién es un consumidor, el Reglamento de Procedimientos Adjudicativos de D.A.Co. lo define como “[t]oda persona natural, que adquiere o utiliza productos o servicios como destinatario final. Incluye toda otra persona, asociación o entidad que por designación de ley está facultado para presentar su reclamación en el Departamento”. (Enfasis suplido.) Regla 4(d) del Reglamento Núm. 6219, Departamento, de Asuntos del Consumidor, 18 de noviembre de 2000, pág. 1. Asimismo, la citada disposición excluye de la definición de consumidor a cualquier persona o entidad que adquiere bienes o servicios con motivo de lucrarse en una posterior reventa. Id.
De lo anterior se desprende que la jurisdicción de D.A.Co. depende, esencialmente, del reclamo de un consu-midor en oposición a una persona o entidad que provee *374 productos o servicios. Cónsono con ello, hemos resuelto que D.A.Co. carece de jurisdicción para entender en una que-rella presentada por una parte que no pueda calificarse como un consumidor. Martínez v. Rosado, 165 D.P.R. 582 (2005). A su vez, de lo anterior se colige que la debida adjudicación de las querellas presentadas ante D.A.Co. su-pone una limitación razonable a la inclusión de terceras personas ajenas al procedimiento, en la medida en que ello pueda desvirtuar el propósito legislativo de conferir a los consumidores un foro ágil, flexible y eficaz.
C. Ahora bien, la Asamblea Legislativa le ha conferido autoridad a D.A.Co. para regular y atender asuntos específicos en los que, claro está, hay consumidores involucrados. A tales efectos, la Asamblea Legislativa aprobó la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresas de Bienes Raíces, mediante la cual agrupó todas las disposiciones legales relativas al negocio de bienes raíces y dispuso un nuevo y más estricto cuerpo reglamentario para beneficiar a los consumidores, vendedores y corredores de bienes raíces. Vélez v. Izquierdo, 162 D.P.R. 88 (2004).
La referida pieza legislativa facultó a D.A.Co. para su-pervisar tanto el negocio de bienes raíces en Puerto Rico como la venta en Puerto Rico de bienes ubicados fuera de esta jurisdicción. 20 L.P.R.A. see. 3046. Específicamente, concedió a D.A.Co. la facultad de realizar investigaciones y adjudicar querellas sobre transacciones de propiedades lo-calizadas en o fuera de Puerto Rico al incurrir en cual-quiera de los actos o prácticas proscritas en la ley. 20 L.P.R.A. sec. 3046(a).
A esos efectos, la Ley para Reglamentar el Negocio de Bienes Raíces prohíbe a toda persona sujeta a sus disposiciones incurrir o inducir a otra persona a incurrir en la práctica de “[ri\o suministrar a las partes, al momento *375 de consumarse una transacción de bienes raíces, toda la información necesaria para la misma y todos los documen-tos que exigen las leyes y los reglamentos aplicables”. (En-fasis suplido.) 20 L.P.R.A. sec. 3054(a)(8). Asimismo, el re-ferido estatuto proscribe “[o]cuitar deliberadamente información esencial sobre las condiciones de una propie-dad, con el ánimo de inducir a una de las partes a concluir la transacción en unos términos que, de conocerlos, no hu-biese realizado la transacción o hubiese pagado un precio menor”. 20 L.P.R.A. sec. 3054(a)(17).
No obstante, conviene aclarar que la Ley para Reglamentar el Negocio de Bienes Raíces expresamente ex-cluye de su aplicación a “los propietarios de bienes inmuebles localizados en o fuera de Puerto Rico que vendan o enajenen bienes inmuebles propios cuando no se dediquen habitualmente a la venta de bienes raíces”. (Enfasis suplido). 20 L.P.R.A. sec. 3056(e). La medida legislativa en cuestión define propietario como el titular de un bien inmueble localizado en o fuera de Puerto Rico que solicite o contrate los servicios de un corredor, vendedor o empresa de bienes raíces para llevar a cabo una transacción de bienes raíces relacionada con dicho inmueble. 20 L.P.R.A. see. 3025(f).
Con estos preceptos en mente, y a la luz de lo esbozado sobre el alcance de las facultades de las agencias adminis-trativas, debemos resolver si D.A.Co. ostenta jurisdicción sobre la persona de las vendedoras, señoras Arredondo Pé-rez, al amparo de la Ley para Reglamentar el Negocio de Bienes Raíces.
III
En el caso de autos, el matrimonio Izquierdo-Amieiro presentó ante D.A.Co. una querella contra la empresa de bienes raíces Pinnacle a la luz de lo dispuesto en la Ley *376 para Reglamentar el Negocio de Bienes Raíces. Ésta, a su vez, solicitó que se incluyera como parte indispensable a las señoras Arredondo Pérez. D.A.Co. acogió el recurso y le ordenó al matrimonio Izquierdo-Amieiro enmendar la que-rella presentada para incluir como parte indispensable a las señoras Arredondo Pérez. No obstante, éstas alegaron —y hoy sostienen ante nos— que D.A.Co. no tenía jurisdic-ción sobre ellas en virtud de dicha legislación. Les asiste la razón.
Conforme surge de la normativa antes expuesta, la Ley para Reglamentar el Negocio de Bienes Raíces otorga jurisdicción a D.A.Co. para atender querellas contra corredores, vendedores y empresas de bienes raíces cuando éstos incurren en alguna de las prácticas proscritas por el estatuto. El propio estatuto dispone expresamente que sus disposiciones no le aplicarán a los propietarios que no se dedican habitualmente al negocio de bienes raíces.
En el presente caso, no surge del expediente que las señoras Arredondo Pérez se dedicaran al negocio de bienes raíces. Por el contrario, es un hecho incontrovertido que las señoras Arredondo Pérez contrataron los servicios de Pinnacle para la venta de su propiedad. Además, en la vista celebrada ante D.A.Co., el matrimonio Izquierdo-Amieiro en ningún momento alegó que las señoras Arredondo Pérez se dedicaban al negocio de bienes raíces. Por consiguiente, de los hechos del caso de autos se deduce con meridiana claridad que las señoras Arredondo Pérez son propietarias de un bien inmueble sito en Puerto Rico y que no se dedi-can habitualmente al negocio de bienes raíces.
Conforme a lo anterior, al D.A.Co. asumir jurisdicción sobre las señoras Arredondo Pérez en virtud de la Ley para Reglamentar el Negocio de Bienes Raíces, se arrogó una jurisdicción que evidentemente no ostentaba. D.A.Co. no tenía discreción para asumir jurisdicción sobre las recurri-das en virtud de la Ley para Reglamentar el Negocio de *377 Bienes Raíces, cuando dicho estatuto excluye de su aplica-ción a los. propietarios que no se dedican a la venta de bienes raíces. Claramente, no se puede incluir en la ley, por vía de interpretación, lo que no está dispuesto en ésta.
A su vez, no cabe duda que D.A.Co. estaba impedido de acoger la solicitud de Pinnacle para incluir en la querella a las señoras Arredondo Pérez como parte indispensable. Nótese que Pinnacle no es un consumidor según definido por el reglamento del D.A.Co., sino un comerciante que no puede aprovechar la estructura administrativa de D.A.Co. para vindicar sus derechos. Véase Martínez v. Rosado, supra. En aras de mantener la efectividad del procedimiento administrativo ante D.A.Co., no podemos avalar que éste se utilice para atender reclamaciones que muy bien pueden ser resueltas de forma ordinaria. Véase Pérez Ríos v. Hull Dobbs, supra, donde nos expresamos sobre el particular.
Por lo tanto, no podemos endosar la práctica de utilizar argumentos de parte indispensable como subterfugio para obviar la jurisdicción conferida por la ley habilitadora de la agencia. Debemos recordar que D.A.Co. no es un foro de jurisdicción general y que tiene que ceñirse a la autoridad que le fue delegada por la Asamblea Legislativa. Resolver lo contrario, produciría resultados incompatibles con el propósito de la ley y con la política misma de delegación legislativa.
Por último, conviene aclarar que, así como D.A.Co. no podía acoger la solicitud de Pinnacle para incluir a las se-ñoras Arredondo Pérez como coquer.elladas en el proceso administrativo, tampoco podía asumir jurisdicción sobre las recurridas en virtud de la Ley para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Vi-viendas Residenciales. Ciertamente, el referido estatuto federal contiene disposiciones aplicables a los propietarios de una propiedad cuando éstos pretenden venderla o alqui- *378 larla, aun cuando haya mediado la intervención de un co-rredor de bienes raíces. Véase 42 U.S.C.A. sec. 4852d. No obstante, eso no significa que D.A.Co. esté facultado para asumir jurisdicción sobre esas personas aunque no se cum-plan los criterios y requisitos necesarios para ello. Téngase presente que la jurisdicción de D.A.Co. está delimitada por su ley habilitadora y por otras leyes mediante las cuales el legislador delegó en ésta facultades investigativas, regla-mentarias y adjudicativas. Conforme a esas facultades de-legadas, D.A.Co. no podía acceder a la solicitud de Pinnacle de incluir a las señoras Arredondo Pérez como coquerella-das, ya que éste no se considera un consumidor en relación con las señoras Arredondo Pérez.
Si bien reconocemos que existe una amplia gama de asuntos que pueden ser llevados ante la consideración de D.A.Co., todos se enmarcan dentro de los poderes delegados y se relacionan directamente con el fin que motivó su creación: la vindicación e implementación de los derechos de los consumidores. Por lo tanto, el mero hecho de que la ley federal contenga disposiciones dirigidas a propietarios que no se dediquen habitualmente al negocio de bienes raíces, no implica que D.A.Co. pueda asumir jurisdicción sobre ellos cuando dicha actuación produciría un resultado contrario a su ley habilitadora. Es decir, independientemente de que la agencia pueda aplicar las disposiciones del estatuto federal con respecto a personas sobre las cuales posee jurisdicción —aspecto que no ha sido cuestionado por la parte peticionaria— resulta evidente que dicha ley no representa una alteración a las funciones de D.A.Co. ni tiene el efecto de ampliar la jurisdicción que le fue concedida por la Asamblea Legislativa.
A la luz de lo anterior, concluimos que actuó correcta-mente el foro apelativo al determinar que D.A.Co. excedió su discreción al asumir jurisdicción sobre las señoras Arre-dondo Pérez.
*379 IV
Por los fundamentos que anteceden, confirmamos la sentencia del Tribunal de Apelaciones.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez no intervino.